**Charles K. SEAVEY, Petitioner,**

v.

**SECURITIES AND EXCHANGE COMMISSION, Respondent.**

**No. 03–71545.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 7, 2004.

Decided Oct. 22, 2004.

Christopher J. Cannon, Esq., Sugarman & Cannon, San Francisco, CA, for Petitioner.

Charles K. Seavey, Oakland, CA, Rm. 6063 (Stop 6-6), Securities & Exchange Commission, Washington, DC, for Respondent.

Before: HALL, BRUNETTI, and GRABER, Circuit Judges.

MEMORANDUM *

We affirm the Security and Exchange Commission's decision that Seavey violated §§ 206(1) and (2) of the Investment Advisers Act of 1940, 15 U.S.C. § 80b–6. Substantial evidence supports the SEC's

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

finding that Seavey's letter to Paradigm's investors was misleading. This letter masked potential losses by failing to disclose that the Fund's value was calculated as if it possessed the Bankas Hermis shares. The SEC used the correct scienter standard and found that Seavey knew that the letter was misleading. This finding is supported by substantial evidence because Seavey knew that Paradigm did not yet possess the Bankas Hermis shares, and that Bankas Hermis denied that Paradigm was entitled to the stock.

The SEC did not abuse its discretion in imposing a censure; a 30–day suspension; a $10,000 second-tier penalty; and an order to cease-and-desist from committing future violations of Section 206. Although Seavey made salutary investigative efforts between March and July 1997, he also drafted a letter that grossly mischaracterized Paradigm's performance.

AFFIRMED.